## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE E.B. HORN COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:16-cv-10618 |
| | ) | |
| v. | ) | |
| | ) | (JURY TRIAL DEMANDED) |
| HORN'S JEWELERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff, The E.B. Horn Company, ("E.B. Horn" or "Plaintiff"), by and through its undersigned counsel, submit this Complaint for Trademark Infringement, Unfair Competition, False Endorsement and False Association, Intentional Interference with Advantageous Business Relations, and Unfair and Deceptive Trade Acts and Practices pursuant to M.G.L. Ch. 93A against Horn Jewelers, Inc. ("Horn's Jewelers" or "Defendant") and allege as follows:

### THE PARTIES

1. The E.B. Horn Company is a Massachusetts corporation with its principal place of business at 429 Washington Street, Boston, MA 02108.

2. Upon information and belief, Horn's Jewelers, Inc. is a Massachusetts company with a principal place of business at 339 Washington Street, Boston, MA 02108.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. §§1331 and 1338. This Court also has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. §1367(a).

4. This Court has personal jurisdiction over the parties.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§1391and 1400.

## FACTUAL BACKGROUND

6. The trade name and trademark "E.B. Horn" (the "E.B. Horn Mark") has been exclusively and widely used by the Plaintiff since 1839 and has garnered a tremendous amount of goodwill and recognition throughout Massachusetts, and nationally in connection with the offering and selling of jewelry.

7 The Plaintiff has continued to use the mark in an uninterrupted fashion for over one hundred and seventy-seven (177) years and the consuming public continues to associate and identify jewelry with the Plaintiff upon seeing the mark. In fact, the Plaintiff is one of the 10 oldest jewelry stores in the country. Ex. A.

8. As a result of its continued use of the mark, the Plaintiff has acquired the sole and exclusive common law rights to use the Mark in connection with the production, marketing, sale and distribution of jewelry in Massachusetts, and throughout the country.

9. On July 29, 2015 the Plaintiff filed an in-use trademark application with the United States Patent and Trademark Office for the mark "E.B. Horn" in international class 14 for Jewelry. The E.B. Horn trademark application matured into U.S. Trademark Registration No. 4926526 on March, 29, 2016. Ex. B.

10. Plaintiff also has an in-use trademark application with the United States Patent and Trademark Office for the mark "E.B. Horn" in international class 35 for retail jewelry store services, Serial Number 86956678.

11    Upon information and belief, the Defendant recently adopted the name "Horn Jewelers" ("Horn Jewelers Mark") in connection with the production, marketing, sale and distribution of jewelry in Massachusetts.

12.   Prior to the Defendant's adoption of the Horn Jewelers Mark the Defendant was doing business as K Horn Jewelers in Massachusetts.

13.   The Defendant's Horn Jewelers jewelry store is on the same street and approximately 0.1 miles away from the Plaintiff's E.B. Horn jewelry store. Ex. C.

14.   The E.B. Horn jewelry store has occupied the same location at 429 Washington St. since the 1870s. The Defendant's adoption of the Horn Jewelers Mark at a location so close to the Plaintiff's location was done with the intention of generating business off the reputation and goodwill the Plaintiff has built up over the last century and a half. (Finn Decl ¶ 2).

15.   It is undisputed that the Plaintiff obtained all rights in the Mark prior to the Defendant's adoption and use of its Horn Jewelers Mark.

16.   The Defendant has never retained, sought or obtained permission from the Plaintiff to utilize or feature the mark in connection with distribution and sale of jewelry.

17.   Due to E.B. Horn's widespread recognition and fame the Defendant's adoption of the Horn Jewelers Mark has created actual confusion in the marketplace among potential consumers.

18.   Countless costumers have inquired whether the Plaintiff is associated with, or connected with, Horn Jewelers to the Plaintiff (Finn Decl ¶ 3).

19.    Customers have informed the Plaintiff that they have mistakenly entered Horn Jewelers believing it was E.B. Horn. These customers reported to the Plaintiff that the Defendant

did not take any steps to correct this confusion, or properly inform the customers that Horn Jewelers is not the same as, or associated with, E.B. Horn (Finn Decl ¶ 4).

20. The Defendant has intentionally misled customers into believing that Horn's Jewelers is the associated with, or the same as E.B. Horn, by representing to confused customers that entered the Horn's Jewelers store who were in fact looking for E.B. Horn's store, that these customers were in the correct location or that Horn's Jewelers is the associated with E.B. Horn when neither are the actual case.

21. On or about August 5, 2015, E.B. Horn's counsel sent a correspondence to the Defendant demanding that, inter alia, it immediately ceases use of the Horn Jewelers Mark.

22. On or about August 10, 2015, an employee for the Defendant called E.B. Horn's counsel to inform E.B. Horn's counsel that the Defendant had no intention to cease use of its Horn Jewelers Mark.

23. The Defendant has willfully continued the infringing acts complained of with conscious disregard of the Plaintiff's rights.

## COUNT I
### (Trademark Infringement - Lanham Act, 15 U.S.C. § 1125(a))

24. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-23 inclusive, and incorporates them herein by reference.

25. E.B. Horn is the owner of the trademark "E.B. Horn" U.S. Trademark Registration No. 4926526, which is valid and subsisting.

26. Through long lasting, continued and extensive use and advertising the trademark E.B. Horn became exclusively identified with the Plaintiff.

27. Defendant has used in commerce its Horn Jewelers Mark in connection with the advertising, offering for sale of jewelry in a manner that is likely to cause confusion, or to cause mistake, or to deceive consumers with the Plaintiff's E.B. Horn trademark registration.

28. Defendant has used in commerce its Horn Jewelers Mark in connection with the advertising, offering for sale of jewelry in a manner that has resulted in confusion, mistake, and deceived consumers as to Horn Jewelers being associated with, connected to, or sponsored by E.B. Horn.

29. Defendant's use of the Horn Jewelers Mark is without the permission or authority of the Plaintiff.

30. Defendant's use of the Horn Jewelers Mark has already caused substantial actual confusion in the marketplace between the Plaintiff and Defendant that cannot be undone.

31. Defendant's violation of E.B. Horn's rights in its E.B. Horn trademark is knowing, willful, deliberate, fraudulent, and intentional, and was made with knowledge that such violation would damage E.B. Horn and the E.B. Horn Registration.

32. Defendant's actions have caused confusion, and are likely to continue to cause confusion, mistake or deception, all to E.B. Horn's irreparable injury and the Defendant's unjust enrichment and benefit in violation of 15 U.S.C. Section 1114(a)(l) (Section 32 of the Lanham Act).

## COUNT II
### (Common law Trademark Infringement- 15 U.S.C. § 1125)

33. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-32 inclusive, and incorporates them herein by reference.

34. The Plaintiff has used and has continued to use, without interruption, the E.B. Horn mark with a retail jewelry store located in Boston, Massachusetts since 1839.

35. By virtue of its exclusive and continued use of the mark, the Plaintiff has acquired the sole and exclusive right to use said mark in connection a retail jewelry store. As a result of its advertising, offering for sale, and selling jewelry under the mark, Plaintiff has gained recognition and good will in its use of the E.B. Horn mark for use with a retail jewelry store.

36. Without the consent of the Plaintiff, the Defendant adopted the "Horn Jewelers" Mark and is advertising, offering for sale, and selling jewelry under the "Horn Jewelers" Mark.

37. The Defendant's use in commerce of the mark constitutes a reproduction, copying, counterfeiting, and/or colorable imitation of the Plaintiff's trademark rights in a manner that is likely to cause confusion or mistake and/or is likely to deceive consumers as to the origin or source of the retail jewelry store.

38. As the direct and proximate result of the Defendant's infringement, the Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and good will warranting an injunction and an award of monetary damages.

### COUNT III
### (Unfair Competition- 15 U.S.C. 1125(a))

39. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-38 inclusive, and incorporates them herein by reference.

40. The Plaintiff's E.B. Horn trademark has become uniquely associated with the Plaintiff, and has identified the Plaintiff as a source of a jewelry for over hundred and seventy-seven years.

41. The Defendant's adoption and use of the Horn Jewelers Mark in connection with a competing jewelry store on the same street, and within 0.1 miles of the Plaintiff, is a false designation of origin which tends to falsely represent that the Defendant's jewelry store is sponsored by or are affiliated with or is the successor to the Plaintiff.

42. The Defendant's actions have been willful and deliberate and done with the full knowledge of the Plaintiff's superior right in the mark and prior use of the mark and the Plaintiff's rights therein.

43. As a result of Defendant's actions patrons are being confused as to the source of the Plaintiff's and Defendant's jewelry and/or the nature of the sponsorship by or affiliation of Defendant's jewelry with Plaintiff and Plaintiff is incurring and will continue to incur damages by others purchasing the Defendant's jewelry instead of purchasing the Plaintiff's jewelry.

44. Defendant has intentionally misled customers into believing that Horn's Jewelers is the associated with, or the same as E.B. Horn, by representing to confused customers that entered the Horn's Jewelers store who were in fact looking for E.B. Horn's store, that these customers were in the correct location or that Horn's Jewelers is the associated with E.B. Horn.

45. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover all of Defendant's profits, Plaintiff's damages, and the costs of this action. The intentional nature of Defendant's unlawful conduct also renders this an "exceptional case," entitling Plaintiff to enhanced damages and an award of attorney fees under 15 U.S.C. § 1117(a).

## COUNT IV
### (False Endorsement/False Association- 15 U.S.C. 1125(a))

46. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-45 inclusive, and incorporates them herein by reference.

47. The Defendant's use of the Horn Jewelers Mark in connection with a competing jewelry business is confusing and will continue to mislead consumers to believe that there is an affiliation, sponsorship, endorsement, and/or association between Plaintiff and Defendant, when there is none.

48. Defendant has intentionally misled customers into believing that Horn's Jewelers is the associated with, or the same as E.B. Horn, by representing to confused customers that entered the Horn's Jewelers store who were in fact looking for E.B. Horn's store, that these customers were in the correct location or that Horn's Jewelers is the associated with E.B. Horn

49. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover all of Defendant's profits, Plaintiff's damages, and the costs of this action. The intentional nature of Defendant's unlawful conduct also renders this an "exceptional case," entitling Plaintiff to enhanced damages and an award of attorney fees under 15 U.S.C. § 1117(a).

## COUNT V
### (Intentional Interference with Advantageous Business Relations)

50. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-49 inclusive, and incorporates them herein by reference.

51. The Plaintiff has business relationships with the Defendant's suppliers, customers and the consuming public from which it derives economic benefits relative to its use of the E.B. Horn Mark in connection with its offering for sale and sale of jewelry.

52. The Defendant is aware of the Plaintiff's business relationships that it maintains and the economic benefits it derives there from as a result of its use of the E.B. Horn Mark in connection with its offering for sale and r sale of jewelry.

53. Defendant has intentionally misled customers into believing that Horn's Jewelers is the associated with, or the same as E.B. Horn, by representing to confused customers that entered the Horn's Jewelers store who were in fact looking for E.B. Horn's store, that these customers were in the correct location or that Horn's Jewelers is the associated with E.B. Horn

54. The Defendant has intentionally, willfully, and/or maliciously interfered with the Plaintiff's business relationships by using the Horn Jewelers Mark in connection with its

competing jewelry store and misleading consumers into believing that the Defendant is associated with, or the same as, the Plaintiff. The Defendants' actions threaten the continued viability of Plaintiff's business.

55. As the direct and proximate result of the Defendant's interference with the Plaintiff's business relationships, the Plaintiff has suffered and will continue to suffer damages.

## COUNT VI
### (Unfair and Deceptive Trade Acts and Practices-M.G.L. ch. 93A, § 11)

56. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-55 inclusive, and incorporates them herein by reference.

57. At all relevant times hereto, and at all times material to this action, the Defendant was engaged in trade or commerce in the Commonwealth of Massachusetts.

58. The Defendant's conduct as set forth above, including but not limited to, using the mark in connection with a competing jewelry store down the street from the Plaintiff which utilizes the Plaintiff's trademark, intentionally misleading potential customers by the Defendant's employees representing to confused customers that entered the Horn's Jewelers store who were in fact looking for E.B. Horn's store, that these customers were in the correct location or that Horn's Jewelers is the associated with E.B. Horn, and other actions of Defendants all constitute unfair and/or deceptive acts and practices in trade, commerce, or business.

59. The Defendant's unfair and/or deceptive acts or practices were willfully and knowingly in violation of Ch. 93A and were made in bad faith with knowledge or reason to know that the acts or practices complained of violated ch. 93A.

60. As a direct and proximate result of Defendant's conduct, Plaintiff has been and is likely to continue to be substantially injured in its business, including harm to its good will and reputation and loss of revenues and profits.

61. Defendant's actions make it liable for violation of the Massachusetts Consumer Protection Act, M.G.L. Ch. 93A §§ 2 and 11.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, as relief, Plaintiff respectfully prays for a judgment against Defendant as follows:

A. A preliminary and permanent injunction ordering Horn Jewelers to immediately cease and desist its use and promotion of the Horn Jewelers Mark, or confusingly similar versions of the E.B. Horn trademark, in connection with jewelry.;

B. An order and judgment preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the E.B. Horn trademark;

C. Under Count III that the Court determine and declare that:

1) the Defendant willfully and deliberately engaged in unfair competition by using the Horn Jewelers Mark so as to infringe upon the Plaintiff's rights;

2) the use by the Defendant was a false designation of origin which tended to falsely represent that the Defendant's goods were supplied by, sponsored by or were affiliated with the Plaintiff;

D. Under Count IV that the Court determine and declare that the Defendant's use of the Horn Jewelers Mark in connection with the sale of jewelry was unauthorized and was so similar

so as to cause confusion as to the source and origin of the Defendant's jewelry store and damaged the Plaintiff's goodwill and business reputation;

E.   Under Count V that the Court determine and declare that the Defendant's use of the Horn Jewelers Mark in connection with the sale of jewelry intentionally and unlawfully interferes with the Plaintiff's business relationships;

F.   Under Count VI that the Court determine and declare that the Defendant has engaged in unfair and deceptive acts or practices in violation General Laws Chapter 93A;

G.   That Judgment issue against the Defendant under Counts I, II, III, IV, V, and VI in an amount to be determined by the Trier of fact, together with interest and costs;

H.   That Judgment issue against the Defendant under Count VI in an amount up to two times or three times the Plaintiff's actual damages

I.   That Plaintiff be awarded damages for the injury to the Plaintiff's reputation, good will and false designation of origin, and false association and false endorsement in an amount up to three times the actual damage and/or profit of the Defendant together with attorney's fees and costs of this action pursuant to 15 U.S.C. § 1117;

J.   That the Plaintiff be awarded its reasonable attorney's fees and costs as provided by the statute.

K.   That the Plaintiff be awarded Defendant's profits from his unlawful acts and that an accounting be rendered of such profit; and,

L.   That the Plaintiff be awarded such other and further relief as this Court deems just and equitable.

Dated: March 30, 2016                                   Respectfully Submitted,
                                                        Attorney for Plaintiff

                                                        By:   /s/ Brendan M. Shortell

Brendan M. Shortell (BBO# 675851)
Gary E. Lambert (BBO# 548303)
Lambert & Associates
92 State Street
Suite 200
Boston, MA 02109
Telephone: 617.720.0091
Facsimile: 617.720.6307
shortell@lambertpatentlaw.com