UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE E.B. HORN COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 16-cv-10618-IT |
| v. | * | |
| | * | |
| HORN'S JEWELER, INC., | * | |
| | * | |
| Defendant. | * | |

ORDER DENYING WITHOUT PREJUDICE MOTION FOR PRELIMINARY INJUNCTION

June 7, 2016

TALWANI, D.J.

Before the court is Plaintiff's Motion Preliminary Injunction [#2]. To obtain a preliminary injunction, a plaintiff "must establish that (1) it is substantially likely to succeed on the merits of its claim; (2) absent the injunction there is a significant risk of irreparable harm; (3) the balance of hardships weighs in its favor; and (4) the injunction will not harm the public interest." I.P. Lund Trading ApS v. Kohler Co., 163 F.3d 27, 33 (1st Cir. 1998) (internal quotation marks omitted). The court takes a "sliding scale" approach when considering motions for preliminary injunction: "when the likelihood of success on the merits is great, a movant can show somewhat less in the way of irreparable harm and still garner preliminary injunctive relief." E.E.O.C. v. Astra U.S.A., Inc., 94 F.3d 738, 743 (1st Cir. 1996).

Plaintiff may be able to demonstrate a substantial likelihood of success on the merits by showing a likelihood of confusion using the factor set forth in Pignons S.A. de Mecanique de Precision v. Polaroid Corp., 657 F.2d 482, 487 (1st Cir. 1981). But, on the record in front of the court, Plaintiff has failed to show a significant risk of irreparable harm. Plaintiff argues that,

based on its showing of a likelihood of confusion, the court should presume that Plaintiff has demonstrated a substantial risk of irreparable harm.  See, e.g., Am. Bd. of Psychiatry & Neurology, Inc. v. Johnson-Powell, 129 F.3d 1, 3 (1st Cir. 1997) (First Circuit noting that a trademark plaintiff who demonstrates likelihood of success on the merits creates a presumption of irreparable harm).  The First Circuit, however, has questioned whether this presumption still applies in light of the Supreme Court's decision in eBay Inc. v. MercExchange, LLC, 547 U.S. 338 (2006).  See Swarovski Aktiengesellschaft v. Building No. 19, Inc., 704 F.3d 44, 54 (1st Cir. 2013).  In any event, the First Circuit has made clear that "any presumption of irreparable harm that may arise upon a finding of likelihood of success on the merits of a trademark infringement claim is inoperative if the plaintiff has delayed either in bringing suit or in moving for preliminary injunctive relief."  Voice of Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 35 (1st Cir. 2011) (internal quotation marks omitted).  Plaintiff's nearly two year delay in bringing this action after learning that Defendant was using the name "Horn Jewelers" in its location only 0.1 miles from Plaintiff's store rebuts any presumption of irreparable harm.  See Fritz v. Arthur D. Little, Inc., 944 F. Supp. 95, 98-99 (D. Mass. 1996) (unexplained delay of at least two years in bringing copyright infringement action rebutted presumption of irreparable harm).

  Having dispensed with the presumption of irreparable harm here, the court notes that Defendant has now placed a disclaimer in its store and on its website that it has no affiliation with Plaintiff, and Defendant's Counsel has represented to the court that those disclaimers will remain in place during the pendency of this litigation.  These disclaimers lessen the risk of current and future harm caused by Defendant's alleged infringement, and obviate the need for injunctive relief at this stage.

Accordingly, Plaintiff's motion is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

June 7, 2016 /s/ Indira Talwani
United States District Judge