UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE E.B. HORN COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 16-cv-10618-IT |
| v. | * | |
| | * | |
| HORN'S JEWELER, INC., | * | |
| | * | |
| Defendant. | * | |

## ORDER

September 15, 2016

TALWANI, D.J.

  The court hereby enters the parties' proposed Protective Order [#56]. Insofar as the proposed protective order seeks to govern the use of information in any court proceeding or court filing, however, the court clarifies that nothing in the protective order limits this court's authority to make orders concerning the disclosure or impoundment of documents produced in discovery.

  This court is guided in this regard by First Circuit precedent and Local Rule 7.2. Because the public has a "presumptive" right of access to judicial documents, "'only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access.'" United States v. Kravetz, 706 F.3d 47, 59 (1st Cir. 2013) (quoting In re Providence Journal Co., 293 F.3d 1, 10 (1st Cir. 2002)). Accordingly, the burden is on party seeking to maintain a document's confidentiality to show the court that impounding the document will not violate the public's presumptive right of access.

  For that reason, when seeking to file any document under seal, a party must show this court good cause for the impoundment. Specifically, the party seeking impoundment must make

"'a particular factual demonstration of potential harm, not . . . conclusory statements'" as to why a document should be sealed. Id. at 60 (quoting Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 412 (1st Cir. 1987)); see also Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." (citations omitted)).  Reference to a document's designation as confidential pursuant to the parties' protective order, without more, will not suffice to show a particularized need for impoundment.

    IT IS SO ORDERED.

September 15, 2016　　　　　　　　　　　　　　　　/s/ Indira Talwani
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge